DAVID L. PRINCE, ESQ., #113599
PRINCE, Attorneys at Law, P.C.
1912 East Vernon Avenue, Suite 100
Los Angeles, California 90058
Tel. 323/234-2989 Fax. 323/234-2619
eMail: david@thepalfirm.com

Attorney for Secured Creditor, **MEGA BANK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PRO ATHLETICS LLC,<br><br>Debtor and<br>Debtor-in-Possession. | ) CASE NO.: 2:26-bk-14467-DS<br>)<br>) Chapter 11 (Subchapter V)<br>)<br>) OPPOSITION TO MOTION FOR<br>) ORDER AUTHORIZING THE USE<br>) OF CASH COLLATERAL;<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES<br>)<br>) DATE:    June 18, 2026<br>) TIME:    1:00 PM<br>)    PLACE:   Courtroom 1639<br>     255 E. Temple Street<br>     Los Angeles, CA 90012 |

Secured Creditor, MEGA BANK, hereby opposes the Mtion for Order Auhorizing Use of Cash Collateral.

The opposition is based upon the grounds that Mega Bank ("Mega") is the first priority secured lender and that the use of cash collateral impairs Mega's position based upon information that has been developed subsequent to the hearing on the Order granting interim use of the cash collateral.  The Debtor freely admits that Mega is undersecured.

This Court entered an Order authorizing the interim use of cash

collateral on May 8, 2026 (Dkt No. 25). In that interim Order, the Debtor was to make monthly payments to Mega in the sum of $14,145.00.

The first payment was excessively late. The interim Order required the payment to be made "within 7 days of the entry of this Order." The Order entered on May 8, 2026 and therefore, the payment was due by May 15, 2026. The initial payment was not received by mega until May 28, 2026. Mega needed to personally visit the Debtor's location to retrieve the payment.

The interim Order required that by June 1, 2026 and on the first day of the month thereafter, that additional payments of $14,145.00 be paid. Debtor failed to timely make the first monthly installment due on June 1, 2026. Instead, the payment was made on June 4, 2026.

The Debtor has not made any explanation as to why both payments as ordered were not made timely.

The initial meeting of creditors was held on May 27, 2026. The meeting needed to be continued since the Debtor had failed to file Schedules A/B. The meeting was continued until June 4, 2026.

Prior to the continued meeting of creditors, Geneva Capital, a secured equipment lender, on June 1, 2026 filed a motion for relief from the automatic stay seeking to commence foreclosure proceedings as numerous pieces of the Debtor's operating equipment. (Dkt. No. 42). The hearing on that motion is set for June 30, 2026.

Once the meeting of creditors was reconvened on June 4, 2026, the Debtor testified should the relief from the stay be granted, that it would be "very difficult" for the Debtor to maintain its routine business of producing its goods.

Following the meeting of creditors, Debtor filed its Subchapter V Status

Report. (Dkt. No. 46).  In that report, Debtor advises it intends treat Mega's secured claim based upon the value of the collateral "the Debtor intends to treat Mega Bank's claim in accordance with the value of its collateral.....Based upon Debtor's preliminary liquidation analysis, the value of the assets subject to Mega Bank's lien..........was approximately $122,000 as of the petition date." In the same report, the Debtor acknowledges Mega's claim "is approximately $900,000."

Further use of the cash collateral is not warranted given the admissions of the Debtor that Mega is undersecured.  11U.S.C. § 363. In re Proalert, LLC (2004) 314 B.R. 436.  As applied, since the Debtor openly admits that Mega is undersecured and intends to treat the claim of Mega as both secured and unsecured, further use of the cash collateral will only diminsh Mega's secured position.  Without any proof from the Debtor that Mega is adequately protected, the use of cash collateral is unauthorized.  In re Certified Corp. (1985) 51 B.R. 768; 11 U.S.C. §363(p).

Moreover, with the pending motion[1] for relief by Geneva to foreclose on its secured claim and reposses the collateral, the operations of the Debtor will be "very difficult" thereby increasing the ability of the Debtor to ever reorganize.  The downward cycle of the Debtor's operations demonstrate that Mega can not be adequately protected and thus further use of the cash collateral should be denied.

It is respectfully submitted that the motion should be denied.  Mega is undersecured.  The Debtor had admitted to both the level of Mega's claim and

---

[1]The Court should continue the hearing on the final cash collateral order until June 30, 2026 so that the motion for relief filed by Geneva is heard at the same time.  If the Court grants the motion for relief to allow Geneva to repossess its collateral, then the Court would have been view of the Debtor's operations and how Mega will never be adequately protected with such a devastating disruption to its operations by the lost of the Geneva equipment.

the level of the Mega secured claim. The Debtor has made no showing that Mega is adequately proctected and thus further use of the cash collatral is unauthorized.

Dated: June 11, 2026

*David L. Prince*
David L.Prince, Attorney for
Mega Bank

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1912 E Vernon Ave., Ste. 100, Los Angeles,  CA 90058

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Motion to Use Cash Collateral; Memorandum of Point and Authorities

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 12, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael.berger@bankruptcypower.com, Yathida,nipha@bankruptcypower.com, Noreen.Madoyan@usdoj.gov, scif.legal.bak@scif.com, jcrastz@hrhlaw.com, df@echoparklegal.com, c194@ecfcbis.com, fritz@echoparklegal.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) June 12, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Pro Athletics, LLC, 2823 E. 11th Street, Los Angeles, CA 90023

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/12/2026 | David L. Prince, Esq. #113599 | /s/ David L. Prince |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**